UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALFRED R. SOSA, | |
|---|---|
| Petitioner, | Case No. 21-04329 EJD (PR) |
| v. | **ORDER OF TRANSER** |
| CORCORAN STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a disciplinary proceeding that occurred while he was housed at California State Prison (CSP) – Sacramento, and resulted the loss of credits. Dkt. No. 5-1 at 35, 40.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction or sentencing. See Habeas L.R. 2254-3(b)(1); Dannenberg v. Ingle, 831 F. Supp. 767, 768 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). But if the petition challenges the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. See

Habeas L.R. 2254-3(b)(2); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Here, the petition involves time credit claims and Petitioner is currently confined at CSP-Corcoran in Kings County. Dkt. 5 at 1. Kings County lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Therefore, venue properly lies in that district and not in this one. See 28 U.S.C. § 1391(b). Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern District of California. See 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: __July 15, 2021_____

EDWARD J. DAVILA
United States District Judge

Order of Transfer
PRO-SE\EJD\HC.21\04329Sosa_transfer(ED)